

163 Madison Ave
Suite 404
Morristown, NJ 07960
www.tresslerllp.com

Anthony M. Tessitore, Esq.
atessitore@tresslerllp.com

January 8, 2025

**VIA ECF**
The Honorable Stewart D. Aaron
Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 11C
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/09/2025
```

    Re:    **Letter Motion for a Stay of Discovery Pending Ruling on the Parties'**
              **Respective Motions for Judgment on the Pleadings**
              **Case No. 1:24-cv-06857-VSB**
              **Our File No.:**      **2414-463**

Dear Judge Aaron:

Pursuant to Section I of Your Honor's Individual Practices, Plaintiff/Counter-Defendant Mt. Hawley Insurance Company ("Mt. Hawley") and Defendant/Counter-Plaintiff GJM Engineering, Inc. ("GJM Engineering") (collectively, "the parties") by and through their attorneys, jointly seek to stay discovery pending the Court's ruling on the respective motions for judgment on the pleadings filed by Mt. Hawley and GJM Engineering.

As your Honor is aware, the parties have filed respective motions for judgment on the pleadings seeking a determination of Mt. Hawley's coverage obligations in connection with the Underlying Litigation.[1] The parties have met and conferred and believe there is good cause to stay discovery in this matter pending the outcome of the parties pending motions.

This Court has held that "[u]pon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Valentini v. Grp. Health Inc.*, No. 20 Civ. 9526 (JPC), 2021 U.S. Dist. LEXIS 42772, 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (citation omitted). "Good cause may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order." *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839(PKL), 2007 U.S. Dist. LEXIS 12776, 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007).

Here, there is no party opposing the request for a stay as the application for a stay is being made jointly. Thus, no party can claim prejudice as a result of the entry of a stay.

---

[1] *GH Palmer, Inc., et al. v. Aquatherm, L.P., et al.*, Case No. 21STCV23784, filed in the Los Angeles County, California Superior Court.

Honorable Stewart D. Aaron
Magistrate Judge
January 8, 2025
2

The parties believe that the duty to defend can be decided now based on the pleadings without the need for discovery. Moreover, the parties would prefer to have discovery in the Underlying Litigation proceed as same may involve the production of documents and information relevant to the issues in this action. That discovery is not yet available and discovery in the Underlying Litigation is in its infancy.

Rather than spend time and money conducting discovery that both parties think may be unnecessary in this action, the parties jointly request that the court stay discovery pending resolution of the parties cross-motions for judgment on the pleadings.

We Thank Your Honor for your attention to the above.

Very Truly Yours,

Anthony M. Tessitore, Esq.

Request GRANTED. The parties' joint request to stay discovery pending the Court's ruling on the respective motions for judgment on the pleadings filed by Mt. Hawley and GJM Engineering is granted on consent. No later than seven days after the Court's ruling, if the Court's ruling does not close the case, the parties shall file a joint letter setting forth any discovery either of the parties believes is necessary, as well as a proposed schedule for such discovery. SO ORDERED.
Dated: 01/09/2025